UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>HUB'S COFFEE LLC,<br><br>        Defendant. | Case No. 21-cv-03904-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 11 |

Plaintiff Scott Johnson brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered barriers during visits to Hub's Coffee in San Jose, California in March 2021 and April 2021. Dkt. 1 (Complaint) ¶¶ 3, 8. The barriers identified by Plaintiff include the sales counters and dining surfaces at the restaurant. *Id.* ¶¶ 10-19. Plaintiff alleges that Hub's Coffee is owned by Defendant Hub's Coffee, LLC. *Id.* ¶¶ 2-3. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 13. Now before the Court is Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction. Dkt. 11. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable without oral argument. For the reasons that follow, the motion to dismiss is **GRANTED.**

I.    **LEGAL STANDARD**

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of

the plaintiff's allegations." *Id.* In addition, once the defendant makes a factual challenge by presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the motion must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction." *Johnson v. Techbusiness Resources, LLC*, No. 20-cv-06048-BLF, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020) (internal quotation marks and citations omitted).

## II.     DISCUSSION

### A.     ADA Claim

Defendant's motion to dismiss, which is supported by the declaration of Alfredo Fernando, the managing member of Defendant, states that the business at issue in this case, Hub's Coffee, closed permanently in July 2021 due to "the serious downturn in its business." Dkt. 11-1 at 1; Dkt. 11-2 ¶ 3. Mr. Fernando further states that "Defendant's sole business was the operation of the coffee shop and Defendant is therefore defunct." Dkt. 11-2 ¶ 3. Defendant argues that in light of the closure of the coffee shop, Plaintiff's claim under the ADA is moot and he therefore lacks standing to maintain that claim. Dkt. 11-1 at 1. Plaintiff does not dispute that Hub's Coffee at the location at issue is permanently closed. Dkt. 18 at 1 (stating that "[i]t appears that the location has permanently closed"). Plaintiff states that although "[i]t is unknown whether the business will be opening another location … Plaintiff will not be seeking injunctive relief for this location under the ADA." *Id.*

"A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Johnson v. Torres Enterprises LP*, No. 18-cv-02929-VKD, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019) (citing *Norman-Bloodsaw v. Lawrence Berkeley Lab.,* 135 F.3d 1260, 1274 (9th Cir. 1998)). A finding that a claim is moot is the proper basis for granting a motion to dismiss for lack of subject matter jurisdiction. *See Torres Enterprises,* 2019 WL 285198, at *4.

The Parties agree that Plaintiff's ADA claim is moot, and the Court therefore **GRANTS** the motion to dismiss that claim.

B.     **Unruh Act Claim**

Having dismissed the ADA claim, which is Plaintiff's sole federal law claim, the only remaining claim is Plaintiff's claim under California's Unruh Act. As a state law claim, that claim is before the Court pursuant to the Court's supplemental jurisdiction. *Torres Enterprises,* 2019 WL 285198, at *4; *see also* 28 U.S.C. § 1367(a). Plaintiff argues that he can maintain his Unruh Act claim despite the permanent closure of Hub's Coffee, and requests that the Court continue to exercise supplemental jurisdiction over that claim. Dkt. 18 at 1-2.

"Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." *Techbusiness*, 2020 WL 7013596, at *3 (citations omitted). This Court similarly declines to exercise supplemental jurisdiction over the Unruh Act claim in this case because "it would not further the interest of judicial economy, convenience, fairness and comity." *Id.* (citation omitted); *see also* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"). Accordingly, the motion to dismiss the Unruh Act claim is **GRANTED.**

**III.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. The Clerk of Court shall close the file.

**SO ORDERED.**

Dated: October 12, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge